GREINER (UNITED STATES v.).    See Case No. 15,262.

## Case No. 5,805.
### GRESHAM v. MONTGOMERY.
[2 Ky. Law Rep. 397.]

Circuit Court, D. Kentucky.    April, 1881.

TAX-TITLE—IMPROPER ASSESSMENT.

1. A sale of land under several levies is void if one of the levies is illegal.

2. The county court of Grayson had no right to levy, as part of the general levy of taxes, the five and ten cents upon $100 worth of property to cover the expense of collecting railroad tax.

Mary D. Gresham, then and now of Jeffersonville, Indiana, became, in 1869, the owner of 720 acres of land in Grayson county. That county took stock in the E. & P. Railroad, and levied a tax for the years 1872 and 1873 to pay the interest. Neither this nor the ordinary state tax was paid on Mrs. Gresham's land, and it was sold January 27, 1874, for both the sum total for state tax and county revenue, with interest and costs, being $21.07 for the two years, and the total for the railroad taxes, $33.28. One Grayson bought the whole tract under both taxes, taking separate certificates. He sold and conveyed the land to one Adams, who sold to the defendant [George W. Montgomery], who is in possession. The plaintiff in her petition simply claims the land as her own. The answer, as amended, contains in the main three paragraphs, the first of which sets out the facts as to the assessment; the second justifies under the state tax sale, but shows that the county levy included with the state taxes in the bills was authorized only under the railroad charter, being for cost of collection and disbursement of the railroad tax, and shows also that the sale was in fact for $54.35, the amount of all the taxes for the two years in one bid. The third paragraph, which is really the second, justifies separately under the railroad tax bills and certificate of sale under the same. The petition and answer both show that the plaintiff was all along a non-resident, but for greater caution there was a reply setting up this matter distinctly, with a view to the law as it stood before 1873, when the sheriff had no power to sell the lands of non-residents for nonpayment of taxes. The case was submitted on demurrers to the answer and reply, and the opinion given disposes fully of the case against either the purchaser under the tax sale.

L. N. Dembitz, for plaintiff.

W. O. & J. L. Dodd and G. W. Stone, for defendant.

BARR, District Judge. This case is submitted on plaintiff's demurrer to first, second, and third paragraphs of defendant's answer, and defendant's demurrer to second paragraph of plaintiff's reply. The first paragraph of the amended answer is not in itself a good defense to plaintiff's recovery if the statements thereof are true. The paragraphing is evidently a mistake, and I presume paragraphs Nos. 1 and 2 should be con-

sidered as one paragraph. This paragraph sets up an assessment of taxes for state revenue, and also to pay expenses of collecting railroad tax, a levy of the land assessed, and a sale by the sheriff and a purchase thereunder by defendant's grantor. These taxes were levied for the years 1872 and 1873. It is quite clear that the sheriff has no authority to sell this land for the taxes levied for the year 1872. It is equally clear that the county court of Grayson had no right to levy as part of the general levy of taxes the five cents and ten cents upon $100 worth of property to cover the expense of collecting the railroad tax. This defect is fatal to both of these levies and to the sale made by the sheriff. The assessment is the basis of all subsequent proceedings. This is true whether the tax be against the owner with a lien on the property taxed, or be against the property itself. Under the Kentucky law the tax is against the owner with a lien on the property taxed, and the right to levy on and sell other property of the owner to pay the tax. This makes it necessary to have the owner correctly described; and I am, therefore, inclined to the opinion that these assessments are fatally defective in being against 'Henry Haines as agent of Mary Gresham,' instead of being against Mary D. Gresham. I will not decide the point, as it is unnecessary.

The third paragraph, which we are considering as the second paragraph of the amended answer, sets out the assessment as above stated, and a levy of railroad tax for the years 1872 and 1873, and a sale to pay those taxes. I am inclined to the opinion that the charter, as amended in 1868, of the E. & P. R. R. Co. gave the right to levy on and sell real estate to pay these taxes. See section 12, amended charter, approved February 24, 1868. It is quite clear from the allegations of the amended answer, taken together, that the sheriff united all the taxes (state, county, and railroad) and made one sale, and that Grayson became at that one sale the purchaser of the entire tract. It is true the defendant has pleaded his purchases in separate paragraphs, as if there were two sales, one for the railroad tax, the other for the state and county taxes, but the facts alleged show there was really only one sale. If we apply the same rule to this sale, as if the sale had been made under fi. fas., it would be void, and certainly a tax sale should not be less strict.

The demurrer to the first, second, and third paragraphs of defendant's answer is sustained, and defendant's demurrer to second paragraph of plaintiff's reply is overruled.